## No. 16,278.

INDUSTRIAL COMMISSION *v.* PACIFIC EMPLOYERS
INSURANCE COMPANY ET AL.

(209 P. [2d] 908)

Decided August 15, 1949. Rehearing denied September 13, 1949.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH
E. NEWMAN, Deputy, Mr. DONALD C. McKINLAY, Assistant, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, for defendants in
error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the
court.

THIS is a review of a judgment of the district court
reversing in part an award of the Industrial Commission

to claimant for room and board while taking treatments as a result of an injury with admitted liability.

The Industrial Commission will be referred to as the Commission, the defendant in error, the insurer, and Jackson, the claimant.

While working for the Granby Constructors at Granby, Colorado, Jackson, the claimant, was injured on July 2, 1948. At the time of the injury, he, together with his wife and son, were living in a rented apartment in the company's camp at Granby. On said date, he received, in the course of his employment, a multiple fracture of his left foot between the ankle and toes. The employing company's doctor at Granby sent claimant to · Presbyterian Hospital in Denver to be under the care of Dr. William Stanek. Admission of liability was filed in the case.

Claimant was in the hospital from July 2, 1948 to August 9, 1948, when he was discharged from the hospital wearing a cast and using crutches. Claimant was told by Dr. Stanek that "whirlpool" treatments would be required at the doctor's office and claimant should remain in Denver for this purpose. He stayed at a place recommended by the hospital until September 25, 1948, when he was released by the physician and permitted to return to Granby to see if he could work. On October 10, 1948, claimant, not being able to continue work, was told by Dr. Stanek to return to Denver for further treatment. Since that date, and at least through December 10, 1948, the date of the last hearing, the claimant took treatments either every day or every other day at the doctor's office.

While claimant was in Denver the first time, his wife gave up the apartment at Granby and came to Denver and secured a room and obtained employment. When claimant came to Denver on October 10, 1948, he lived with his wife at this room. Claimant filed his claim for room and board covering the period after his discharge from the hospital and during such time as he had been

required to take the treatments. After full hearing, the Commission awarded him $28.00 per week for board and room from August 9, 1948, when he was discharged from the hospital, to September 25, 1948, when he was released from his physician to return to Granby; and it made a further award to claimant of $25.00 per week from October 10, 1948, the date he returned to Denver for treatments, to continue as long as claimant was required to remain in Denver for treatment. After proceeding in due course, the matter was reviewed by the district court and the award affirmed as to the allowance from August 9 to September 25, 1948, but set aside as to the order allowing the payment for room and board from October 10, 1948.

The Commission seeks review of the judgment partially reversing the award of the Commission and presents only one question for determination by contending that the judgment denying claimant $25.00 per week for room and board from October 10, 1948, is contrary to chapter 97, section 330 (re-enacted, section 1, chapter 239, S.L. '41), and section 360 of '35 C.S.A., which are as follows:

§330. "Every employer, regardless of his method of insurance, shall furnish such medical, surgical, nursing and hospital treatment, medical, hospital and surgical supplies, crutches and apparatus, as may reasonably be needed at the time of the injury and thereafter during the disability, but not exceeding four (4) months from the date of the accident, and five hundred dollars ($500.00) in value, to cure and relieve from the effects of the injury; * * *."

§360. "* * * In all cases of injury, the employer or insurer, as the case may be, shall have the right in the first instance to select the physician who shall attend said injured employee; * * *."

There is no claim here that for the period involved, from October 10, 1948 on, hospitalization was needed. Had such a showing been made and hospital facilities

were not available and it was necessary to place the claimant in a private residence or elsewhere for treatment, then there would be no doubt as to the correctness of the Commission's award, because it could not be successfully contended that room and board outside the hospital, under such circumstances, was not allowable as hospital expense.

Counsel for the Commission here argues that "hospital services include board and room and are to be furnished a disabled employee commensurate with his needs and need not be furnished in a hospital but may be furnished in a private residence." Assuming the need of hospitalization, we are ready to agree that counsel's position is correct. However, it does not apply where no hospitalization is indicated and claimant is not required to maintain two places of residence, but is shown to be living in Denver at home with his wife and going to the physician's office for treatments. The record shows that he is receiving compensation at the rate of $17.50 per week fixed by the Commission as his compensation under the Act. While in many instances the compensation is not adequate to cover room and board or ordinary living expenses, nevertheless, it is upon that theory that workmen are compensated.

 The award of the Commission allowing claimant for room and board from August 9 to September 25, 1948, when claimant, although discharged from the hospital, was required to remain in Denver for treatment during that period he was paying rent for an apartment at Granby, and, under these compulsory conditions, the award must be considered correct as being incident to secondary hospital services. However, when he is not required to be away from the place of his home, and is living at home, presumably upon the paid compensation, the award by the Commission for such room and board was not proper and was correctly set aside by the trial court and its judgment, being correct, is affirmed.

MR. CHIEF JUSTICE HILLIARD not participating.