CITY AND COUNTY OF DENVER, SCHOOL DISTRICT 1, and State Compensation Insurance Fund, Petitioners,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Mike Baca, Commissioner; Gary B. Rose, Commissioner; John J. McDonald, Commissioner; Colorado Division of Labor; Charles McGrath, Director; James Binkley, Respondents.

No. 83CA1250.

Colorado Court of Appeals, Div. III.

May 10, 1984.

Pamela Musgrave, William J. Baum, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Indus. Com'n, Mike Baca, Gary B. Rose, John J. McDonald, Colorado Div. of Labor, and Charles J. McGrath.

T.W. Norman, Lakewood, for respondent James Binkley.

KELLY, Judge.

Petitioners seek review of a final order of the Industrial Commission awarding claimant workmen's compensation benefits for permanent partial disability of 20 percent and ordering petitioners to pay for the purchase and installation of a hot tub in claimant's home. We affirm.

Claimant sustained a back injury on February 26, 1981, in the course of his employment as a custodial helper. Laminectomies were performed on April 15 and September 23, 1981, and claimant was given a 10 percent disability rating by his treating physician upon his return to work on January 8, 1982.

Claimant presented evidence that he had been passed over three times for promotions to the position of assistant custodian I, in part because of the physical restrictions imposed by his treating physician, and that the salary rate for the assistant custodian I position was approximately 6.5 percent higher than that of his present position. The hearing officer awarded claimant a 20 percent disability and the Industrial Commission affirmed.

## I.

On review, petitioners first contend that there was insufficient evidence to support the 20 percent award. Petitioners argue that claimant failed to establish that he would have received a promotion to assistant custodian I had he not been under physical restrictions arising from his injury, and that evidence of a 10 percent physical disability and a 6.5 percent wage loss was in any case insufficient to establish 20 percent permanent partial disability. We disagree.

■■ Section 8–51–108(1)(b), C.R.S. (1983 Cum.Supp.) provides that in determining permanent partial disability, the Commission shall take into consideration the "general physical condition and mental training, ability, former employment, and education of the injured employee." The Commission is vested with the widest possible discretion in determining the percentage of disability of an injured workman from these factors. *Southwest Investment Co. v. Industrial Commission*, 650 P.2d 1355 (Colo.App.1982). The Commission is not bound by a physician's estimate of physical disability in determining industrial disability. *R & R Well Service Co. v. Industrial Commission*, 658 P.2d 1389 (Colo.App.1983).

■ Here, the Industrial Commission expressly considered the factors set forth in § 8–51–108(1)(b). There was ample evidence that claimant's physical restrictions precluded him from promotion to a higher paying position and that claimant suffered from extensive physical impairment likely, in view of his education, prior experience, and ability, to have a substantial impact on his future earning capacity. The Commission's determination of the percentage of disability resulting from these factors is binding on review.

## II.

■ We reject petitioners' additional contention that the Commission erred in awarding claimant the purchase and installation cost of a hot tub. Petitioners argue that the provisions of § 8–49–101(1)(a), C.R.S. (1983 Cum.Supp.) may not be so broadly interpreted as to include a hot tub as a medical supply.

Section 8–49–101(1)(a), C.R.S. (1983 Cum. Supp.) provides that:

"Every employer, regardless of his method of insurance, shall furnish such medical, surgical, dental, nursing, and hospital treatment, medical, hospital, and sur-

gical supplies, crutches, apparatus, and vocational rehabilitation, ... as may reasonably be needed at the time of the injury ... and thereafter during the disability ... to cure and relieve from the effects of the injury."

Petitioners concede that two doctors recommended the use of a hot tub to relieve claimant's symptoms and that petitioners supplied claimant with a membership in a health club for the purpose of providing this facility. It was only after claimant's work hours made it impossible for him to attend the health spa that he resorted to the installation of the hot tub in his home. The testimony showed that this residential installation was a medically prescribed alternative to the health club membership.

We do not regard the statutory language as being so narrow as to preclude the interpretation, as a matter of law, that a hot tub may be a medical supply. Rather, it is for the fact-finder to decide whether the equipment used is reasonably necessary at the time of the injury. Here, the medical testimony that claimant would be "significantly benefited" by use of a hot tub was sufficient to support the Commission's finding, making petitioners liable under § 8–49–101(1)(a).

Order affirmed.

TURSI and METZGER, JJ., concur.