The **SIGMAN MEAT COMPANY**, and **Continental Casualty Company**, Petitioners,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Rudolph Martin, and Director, Division of Labor, Department of Labor and Employment**, Respondents.

No. 87CA0667.

Colorado Court of Appeals, Div. I.

May 19, 1988.

Rehearing Denied June 23, 1988.

Certiorari Denied Sept. 19, 1988.

James R. Clifton & Associates, P.C., James R. Clifton, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Lynn L. Palma, Denver, for respondent Rudolph Martin.

PLANK, Judge.

In this workmen's compensation case, the sole question for review is whether The Sigman Meat Company and Continental Casualty Company (petitioners) must reimburse Rudolph Martin (claimant) for transportation expenses incurred in seeking authorized medical treatment. The Industrial Claim Appeals Office (Panel) held that reimbursement is proper. We affirm.

Claimant's injury rendered him unable to drive long distances. On most occasions when it was necessary to consult his physicians, claimant took a taxicab. On other occasions, if the distance was short, claimant drove himself.

The Panel determined that claimant was entitled to reimbursement for these expenses because they were incident to authorized medical treatment. The Panel relied on our supreme court's decision in *Industrial Commission v. Pacific Employers Insurance Co.*, 120 Colo. 373, 209 P.2d 908 (1949), which held that room and board expenses necessitated by out of town medical treatment were compensable as incidental to secondary hospital services. We agree with this analysis.

Petitioners contend that the Panel erred in ordering reimbursement because § 8–49–101(1)(a), C.R.S. (1986 Repl.Vol. 3B) authorizes transportation expenses only while a worker attends a vocational rehabilitation course. Petitioner argues that if the General Assembly had intended similar compensation for medical treatment, it would have so stated.

The General Assembly has met on many occasions since *Pacific Employers Insurance Co.* was decided. We presume that the construction of the statute in that case has been approved and become part of our state law. *Nye v. District Court*, 168 Colo. 272, 450 P.2d 669 (1969). If it had desired to change or reject *Pacific Employers Insurance Co.*, the General Assembly would have expressly done so by appropriate legislation.

Petitioners also urge us to use the maxim of *expressio unius est exclusio alterius* in construing the statute. We decline to interpret the statute by that maxim. Instead, we conclude that the statute implicitly allows reimbursement for transportation expenses incurred in obtaining medical treatment.

Claimant's request for sanctions pursuant to C.A.R. 38(d) is denied.

The order is affirmed.

PIERCE and TURSI, JJ., concur.