**Linda E. ATENCIO, Petitioner,**

v.

**QUALITY CARE, INC., Zurich Insurance Company, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.**

**No. 89CA0660.**

Colorado Court of Appeals, Div. III.

March 15, 1990.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, for petitioner.

John M. Connell, Denver, for respondents Quality Care, Inc. and Zurich Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge METZGER.

Linda E. Atencio, claimant, seeks review of that portion of a final order of the Industrial Claim Appeals Office (Panel) which held, as a matter of law, that housekeeping and attendant services prescribed by her physician were not recoverable under the Workmen's Compensation Act. We set aside that portion of the Panel's order and remand the cause to the Panel.

The facts are not in dispute. While working as a nurse's aide for respondent, Quality Care, Inc., claimant, who is left-handed, reached out with her left arm to catch a patient who was falling. She injured her left upper extremity and has been treated by numerous health care providers since for pain and loss of use of her left arm.

The multiple diagnoses include the following: carpal tunnel syndrome; ganglion cyst just beneath the surface of the left wrist secondary to the injury; brachial plexsis injury to the left side; reflex sympathetic dystrophy, left side; wrist sprain; possible fracture of the radius; left thoracic outlet syndrome; cervical spine and trapezius muscle strain; left biceps tendonitis; probable dislocation of the radial ulnar

joint; cervico-brachial syndrome; temporo-mandibular joint dysfunction with possible dislocation of the temporal mandibular joint on the left.

Claimant was instructed by her treating physicians to "attempt to resume normal activities around the house." After being so instructed, claimant climbed on a chair in her kitchen to retrieve an item on an upper shelf. As she reached for the item with her left hand, she felt an immediate stab of pain in her left armpit. She clutched at her left armpit with her right hand; and this caused her to lose her balance and she began to fall. She then reached out with her right hand to steady herself and grabbed the nearest object—a kitchen knife standing upright in a cheese board on the lower shelf. As claimant's right hand slid down the blade of the knife, she suffered severe and multiple tendon and nerve lacerations to four fingers of her right hand. At the hearing, claimant testified that she could not use her right hand at all. She experienced pain from her right elbow down her forearm, wrist, and hand, into her fingers.

The Administrative Law Judge (ALJ) found that the injury to claimant's right hand was fully compensable as a "direct result and compensable consequence" of the primary industrial injury to claimant's left arm. In addition, the ALJ ordered the respondents to pay for housekeeping and attendant care services prescribed by one of claimant's treating physicians.

On review, the Panel set aside that portion of the order awarding benefits for housekeeping and attendant care services. The Panel reasoned that such expenses do not constitute a compensable medical expense within the meaning of § 8–49–101(1)(a), C.R.S. (1986 Repl.Vol. 3B).

Claimant contends that, under the facts of this case, the Panel erred in holding that her housekeeping and attendant care services were not compensable. We agree.

The version of § 8–49–101(1)(a) applicable here provided that:

"Every employer, regardless of his method of insurance, shall furnish such medical, surgical, dental, nursing, and hospi-tal treatment, medical, hospital, and sur-gical supplies, crutches, apparatus, and vocational rehabilitation, . . . as may reasonably be needed at the time of the injury . . . and thereafter during the disability . . . to cure and relieve from the effects of the injury."

■ The Workmen's Compensation Act is designed to compensate an injured worker for two losses resulting from an industrial injury or occupational disease: the loss of earning capacity based on the concept of disability, and medical and other costs associated with the injury or disease. *See* 2 A. Larson, *Workmen's Compensation Law,* § 57.11 (1987). Thus, as our supreme court noted in *Grover v. Industrial Commission,* 759 P.2d 705 (Colo.1988): "[P]ursuant to section 8–49–101(1)(a), [the act] authorizes an award of medical benefits reasonably necessary to relieve the injured worker from the effects of the industrial injury."

Consistent with that interpretation, employers have been required to provide services which are either medically necessary for the treatment of a claimant's injuries or incidental to obtaining such treatment. *Industrial Commission v. Pacific Employers Insurance Co.,* 120 Colo. 373, 209 P.2d 908 (1949). Thus, under the "medical necessity" factor, the cost of a medically prescribed hot tub was deemed recoverable in *City & County of Denver v. Industrial Commission,* 682 P.2d 513 (Colo.App.1984). And, in *Sigman Meat Co. v. Industrial Claim Appeals Office,* 761 P.2d 265 (Colo. App.1988), transportation expenses incident to authorized medical treatment were recoverable.

The determination whether services qualify under this test is one of fact. *See City & County of Denver v. Industrial Commission, supra.* And, if the findings of fact entered by the ALJ are supported by substantial evidence, they are not to be altered by the Panel. Section 8–53–111, C.R.S. (1989 Cum.Supp.).

Our review of the record persuades us that the evidence is substantial and sufficient, both in quality and quantity, to support the award of the ALJ and that the Panel erred in ruling otherwise.

Claimant and her attendant testified without contradiction that claimant is severely restricted in the use of each hand, and that she cannot bathe, dress, perform home health care or sanitary functions, nor perform any household chores (such as cooking) without assistance. It was undisputed that, in light of the severity of injuries to claimant's hands, her treating physician had prescribed housekeeping services to be performed by an attendant, and the necessity for those services was not disputed at the hearing. These facts, considered together, were sufficient to support the ALJ's finding that the attendant care services were necessary assistance, were reasonable, and were compensable under § 8-49-101(1)(a).

Accordingly, that portion of the Panel's order holding that the housekeeping and attendant care services were not compensable is set aside, and the cause is remanded with directions to reinstate the ALJ's order.

TURSI and CRISWELL, JJ., concur.