**ABC DISPOSAL SERVICES and State Compensation Insurance Authority, Petitioners,**

v.

**Albert FORTIER, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.**

No. 89CA1551.

Colorado Court of Appeals, Div. III.

Nov. 8, 1990.

Rehearing Denied Jan. 17, 1991.

Certiorari Denied May 13, 1991.

Paul Tochtrop, Denver, for petitioners.

John Hoyman, P.C., John Hoyman, Greeley, for respondent Albert Fortier.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Division of Labor.

Opinion by Judge JONES.

In this review of a final order of the Industrial Claim Appeals Office (Panel) the

determinative issue is whether a snowblower is an "apparatus," the cost of which is a reasonable and necessary medical expense under § 8–49–101(1)(a), C.R.S. (1986 Repl. Vol. 3B) (now codified as § 8–42–101(1)(a), C.R.S. (1990 Cum.Supp.)). The Panel held that a snowblower is such an "apparatus." We set aside the order.

The record reveals the following undisputed facts: In 1985, while employed by ABC Disposal Services, claimant, Albert Fortier, sustained a serious injury to his lower back which required extensive surgery. As a result, he was totally disabled and unemployable. ABC was insured by State Compensation Insurance Authority. Both admitted that the injury was compensable under the Workers' Compensation Act (Act), § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B), and such issues are not before us in this case.

Fortier resides in Longmont. His home is subject to a county ordinance requiring homeowners with curb-front sidewalks to clear their sidewalks of snow. The sidewalk on Fortier's property is 326 feet long and his driveway is 94 feet long.

Sometime after his initial back injury and surgery, Fortier aggravated his injury while shoveling the snow in front of his home. His physician treated him and gave him a prescription for the purchase of a motorized snowblower. Fortier purchased the snowblower and then sought reimbursement from petitioners on the basis that the snowblower is an "apparatus" for which petitioners are liable under § 8–49–101(1)(a).

Petitioners refused reimbursement and the matter was set for a hearing before an Administrative Law Judge (ALJ). Claimant testified, along with the vocational rehabilitation consultant provided to him as a workers' compensation benefit, as to his need for a motorized snowblower.

At the conclusion of the hearing the ALJ found that petitioners were liable for the cost of the snowblower because it is an "apparatus" under § 8–49–101(1)(a). The Panel affirmed the ALJ's findings, concluding that "a snowblower was reasonably needed to avoid further exacerbations of the claimant's back condition, and thus 're-lieve the effects' of the industrial injury...." We disagree with the Panel's conclusion.

■ The construction of a statute is a question of law. Furthermore, courts are not bound by an agency's decision that misconstrues or misapplies the law. *Colorado Division of Employment v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986).

Section 8–49–101(1)(a), as it existed when Fortier's claim was made, provided:

"Every employer, regardless of his method of insurance, shall furnish such medical, surgical, dental, nursing, and hospital treatment, *medical, hospital, and surgical supplies, crutches, apparatus,* and vocational rehabilitation, which shall include tuition, fees, transportation, and weekly maintenance equivalent to that which the employee would receive under section 8–51–102 for the period of time that the employee is attending a vocational rehabilitation course, as may reasonably be needed at the time of the injury or occupational disease and thereafter during the disability and period of vocational rehabilitation, to cure and relieve from the effects of the injury." (emphasis added)

■ Because the term "apparatus" is not defined in the Act we must turn to the rules of statutory construction. Initially, we note that when the language employed is plain and the meaning clear, a statute must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984). However, the term "apparatus" may be susceptible to more than one interpretation and, thus, "must be construed in light of the apparent legislative intent and purpose." *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984). In the context of the statute, the term "apparatus" is modified by the terms "medical, hospital, and surgical." Thus, we conclude that the term "apparatus" refers to medical apparatus used for treatment "to cure and relieve from the effects of the injury."

In *Grover v. Industrial Claim Appeals Office,* 759 P.2d 705 (Colo.1988), the court stated that the Act:

"is designed to compensate an injured worker for two distinct losses resulting from an industrial injury or occupational disease: the loss of earning capacity based on the concept of disability, and medical and other costs *associated with the injury or disease.*" (emphasis added)

*See also Sigman Meat Co. v. Industrial Commission,* 761 P.2d 265 (Colo.App.1988) (expenses for transportation required to obtain authorized medical treatment are compensable); *City & County of Denver v. Industrial Commission,* 682 P.2d 513 (Colo.App.1984) (the statutory language allows of an interpretation that a hot tub may be a medical supply).

The Act "authorizes an award of medical benefits reasonably necessary to 'relieve' the injured worker from the effects of the industrial injury." *Grover v. Industrial Claim Appeals Office, supra.* Therefore, "employers have been required to provide services which are either medically necessary for the treatment of a claimant's injuries or incidental to obtaining such treatment." *Atencio v. Quality Care, Inc.,* 791 P.2d 7 (Colo.App.1990).

Therefore, even though the facts of this case present a unique situation, we are not convinced that, in light of the purpose of the statute, the snowblower qualifies as an "apparatus" under § 8-49-101(1)(a). The snowblower was not prescribed as a medical aid to cure Fortier or relieve him of the symptoms of his injury. Rather, it was prescribed to provide an easier method for Fortier to perform a household chore.

Therefore, we hold that the Panel erred in construing the term "apparatus" in § 8-49-101(1)(a) as including a snowblower and, thus, in holding that petitioners were liable for its cost.

The order is set aside.

STERNBERG, C.J., and NEY, J., concur.