**EDWARD KRAEMER & SONS, INC., and St. Paul Fire & Marine Insurance, Petitioners,**

v.

**Michael DOWNEY and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 91CA1622.**

Colorado Court of Appeals, Div. III.

Aug. 27, 1992.

Rehearing Denied Oct. 1, 1992.

Hall & Evans, Alan Epstein, Fredric A. Ritsema, Denver, for petitioners.

Turner & Meiklejohn, P.C., Scott A. Meiklejohn, Denver, for respondent Michael Downey.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge CRISWELL.

The issue presented in this petition for review from the Industrial Claim Appeals Panel is the propriety of an order compensating the claimant's wife for home health care services. We affirm.

Michael Downey, claimant, was injured in an admitted industrial accident which severed his spinal cord and left him completely paralyzed from the chest down. He is confined to a wheelchair, suffers cognitive deficits which make it difficult for him to do ordinary daily tasks, and retains only gross motor skills of his upper extremities.

St. Paul Fire and Marine Insurance Co., the employer's workers' compensation insurer, provides an attendant to be in the claimant's home for five hours in the morning during a portion of the time that the claimant's wife is employed out of the home. From approximately noon until 4 p.m., when the wife returns, claimant is required to be alone (as a part of his rehabilitation therapy), but he can instantly communicate with the agency in case of an emergency.

However, claimant's treating physician testified that it was necessary for someone to be with the claimant during all of the remaining hours of the day. This physician opined that, if the claimant had not been married, the insurer would have had to provide for additional home health care during the period of time from approximately 4:00 p.m. until 7:00 a.m. the following morning. Presently, claimant's wife cares for him during this period. This physician also testified that an appropriate rate of pay for a home health aide, who would be able to provide the services similar to those being provided by the claimant's wife, would be between $11 and $13 per hour.

The Administrative Law Judge (ALJ) found that the claimant's wife is required to assist him with eating, bathing, preparing himself for bed at night, and showering. She also must turn him during the course of the night to prevent bedsores from developing. He also observed that there are a number of emergencies that could occur which would require the immediate attention of an assistant, and he found that the claimant's wife is trained and available to perform the functions she performs for claimant when she is home.

The ALJ concluded that the care, which was provided by the claimant's wife between 4:00 p.m. and 7:00 a.m. was in addition to her normal household duties, was reasonable and necessary, and was related to the claimant's injury. Therefore, the ALJ determined that the claimant's spouse was entitled to compensation during the period between her arrival at home at about 4 p.m. until she was relieved by the professional health care provider at 7 a.m.

The ALJ ordered that the petitioners either contract with the claimant's wife, compensating her at the rates paid to the certified home health aides that were utilized during the hours that she was at work, or hire additional professionals to provide the reasonable and necessary home health care services that the wife is presently performing. The Panel affirmed, and petitioners seek review of the Panel's order.

### I.

■ Section 8–42–101(1), C.R.S. (1991 Cum.Supp.) requires an employer to provide to an injured employee such "medical" or "nursing ... treatment" that may be "reasonably needed" to cure or relieve the employee from the effects of his injury. Petitioners concede that a portion of the services being provided to claimant by his wife would constitute such treatment. However, they assert that the Panel's order improperly compensates the claimant's wife for performing household duties that she would have performed irrespective of the injury and for services such as "companion assistance," cooking, and getting the claimant water, which, as a matter of

law, should not be compensable. We are not persuaded.

■ The determination whether services are medically necessary for the treatment of a claimant's injuries or incidental to obtaining such treatment is a question of fact. *Atencio v. Quality Care, Inc.,* 791 P.2d 7 (Colo.App.1990) (approving the payment of housekeeping and in-home attendant care services incidental to a work-related injury which were prescribed by one of claimant's treating physicians).

■ In evaluating the need and cost of providing home health care, the factfinder must make an initial determination concerning the level and extent of care which is reasonably required by a claimant. *See Grover v. Industrial Commission,* 759 P.2d 705 (Colo.1988).

■ Today, it is nearly universally recognized that a spouse should be compensated for services rendered to an industrially injured employee, if those services are in the nature of nursing services:

> The commonest controversy is the question whether practical nursing services performed by the claimant's own wife (or daughter, or parent or sister) may be made subject of a claim for nursing expenses. The earlier cases denied the allowance, on the ground that the wife did no more than she was bound to do as an affectionate spouse. The great majority of later cases, however, have permitted the charge, on the reasoning that the employer, by statute, has the affirmative duty of furnishing this kind of nursing services. If he has not done so, and if the wife then takes over these duties in addition to her regular household work and does exactly what a hired nurse would have to do, the charge is proper.

2 A. Larson, *Workers' Compensation Law* § 61.13(d)(2) (1992). *See generally* Annotation, *Workers' Compensation: Recovery For Home Service Provided by Spouse,* 67 A.L.R.4th 765 (1989).

■ Of course, compensation is not awarded to a spouse if the only services being rendered to the claimant are ordinary household services. *St. Clair v. County of*

*Grant,* 110 N.M. 543, 797 P.2d 993 (App. 1990).

■ Nevertheless, if the claimant's injury is of a nature that requires an attendant to remain nearby or "on call," such as is the case here, the fact that a spouse may be able to perform household tasks when not actually rendering a specific service to the claimant does not alter the essential nature of the nursing services being provided by the spouse. *Brown v. Eller Outdoor Advertising Co.,* 111 Mich.App. 538, 314 N.W.2d 685 (1981). This is so because, if the employer provided the services of an outside professional, that professional would be entitled to pursue his or her own interests during such "on call" periods without diminution of compensation.

Here, the uncontradicted medical testimony established that the claimant required constant attendant care services, except for that period when he was required to attempt to exercise independence. Thus, under these circumstances, we agree with the Panel that the spouse should be compensated for all of the hours that she provides such care even though, during some of the time, she is "actively" doing ordinary household chores and only "passively" providing the required attendant care. *See Standard Blasting & Coating v. Hayman,* 476 So.2d 1385 (Fla.App. 1 Dist.App.1985).

The constant care and supervision provided by the spouse here is necessary and that necessity justifies the constancy of compensation. *Larson v. Squire Shops, Inc.,* 228 Mont. 377, 742 P.2d 1003 (1987).

We conclude, therefore, that the Panel did not err in requiring petitioners either to compensate the wife for all hours involved or to pay for an additional professional to be available during those times.

## II.

■ Petitioners also contend that the claimant failed to carry his burden of demonstrating the reasonable value of the services provided by his wife. They argue that the finding that $11 to $13 per hour is an appropriate rate of compensation is not supported by the evidence because those are the rates charged by the agency, not the rates actually paid to the individual aides. This argument is without merit.

The ALJ found that the cost of $11 to $13 per hour, as testified to by the treating physician, was the only evidence presented regarding the value of the services provided by the claimant's spouse. Accordingly, the Panel correctly concluded that the ALJ could properly rely on such evidence if he found it to be persuasive. *State Compensation Insurance Authority v. Smith,* 768 P.2d 1256 (Colo.App.1988) (if the only evidence of the value of insurance was the replacement cost to the claimant, such cost was properly added to the claimant's average weekly wage).

We recognize that there is a wide range of compensation which may be allowed in a given case. *See generally* Annotation, *Value of Home Care By Relative,* 65 A.L.R.4th 142 (1988). However, we agree with the Panel that the order here is supported by the only evidence that was presented upon the point on cost of comparable professional care. However, if petitioners choose not to pay this compensation to the wife, the Panel's order gives them the option of hiring outside support to provide similar services.

Order affirmed.

SMITH and ROTHENBERG, JJ., concur.