**Shelley A. HILLEN, Petitioner,**

v.

**TOOL KING, Colorado Compensation Insurance Authority, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Worker's Compensation, Department of Labor and Employment, Respondents.**

No. 92CA0831.

Colorado Court of Appeals, Div. IV.

March 11, 1993.

Douglas R. Phillips, Denver, for petitioner.

Michael J. Steiner, Denver, for respondents Tool King and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Worker's Compensation.

Opinion by Judge JONES.

In this workers' compensation case, Shelley A. Hillen (claimant) requests that lawn care services be awarded as medical benefits payable by respondents, Tool King (employer) and Colorado Compensation Insurance Authority (CCIA). We affirm the decision of the Panel to deny claimant payment for lawn care.

Claimant suffered a work-related injury which resulted in amputation of her left leg. The CCIA admitted liability for permanent total disability benefits and initially paid claimant for lawn care services based on the authorized treating physician's recommendation. The Administrative Law Judge (ALJ) ordered that continued payment of these lawn care services was necessary because of the lack of coordination in ambulation, resulting from the amputation, as well as claimant's susceptibility to further injury.

The Panel reversed on this issue. It found that since the lawn care services were completely unrelated to claimant's physical condition, they did not constitute medical services.

Claimant contends that the Panel erred in reversing the ALJ's decision that lawn care services were compensable. We disagree.

■■■ Section 8–42–101(1)(a), C.R.S. (1992 Cum.Supp.) provides that the employer must furnish such medical treatment as may reasonably be needed to cure and relieve an injured employee from the effects of the injury. Employers have been required to provide services which are either medically necessary for the treatment of a claimant's injuries or incidental to obtaining such treatment. *Atencio v. Quality Care, Inc.*, 791 P.2d 7 (Colo.App.1990). This determination is one of fact. *Edward Kraemer & Sons, Inc. v. Downey*, 852 P.2d 1286 (Colo.App.1992).

Under this medical necessity test, claimants have been entitled to recover the cost of a medically prescribed hot tub, *City & County of Denver v. Industrial Commission*, 682 P.2d 513 (Colo.App.1984), certain housekeeping and attendant care services, *Atencio v. Quality Care, Inc., supra*, and transportation expenses incident to authorized medical treatment. *Sigman Meat Co. v. Industrial Claim Appeals Office*, 761 P.2d 265 (Colo.App.1988). However, recovery for a medically prescribed snowblower has been disallowed. *ABC Disposal Services v. Fortier*, 809 P.2d 1071 (Colo. App.1990).

■■■ Here, we agree with the Panel that although lawn care services were necessitated by claimant's work-related injury, they are unrelated to her physical condition. Lawn care was not prescribed to cure or relieve claimant of the symptoms of the injury, but simply to relieve claimant of the rigors of yardwork.

Lawn care cannot be equated with the type of household services approved in *Atencio*. There, the claimant was awarded the cost of housekeeping services because she could not perform any household chores, such as cooking. Cooking, along with certain other household chores, bears a direct relation to a person's physical needs. Here, it has not been shown that lawn care is a direct "medical … treatment, medical [supply or] apparatus" within the meaning of the statute. *See* § 8–42–101(1)(a), C.R.S. (1992 Cum.Supp.).

Accordingly, the Panel did not err in determining that the award of benefits is not supported by § 8–42–101(1)(a) and corresponding case law. *See* § 8–43–301(8), C.R.S. (1992 Cum.Supp.).

The order of the Panel is affirmed.

PLANK and MARQUEZ, JJ., concur.