**Jacqueline VALDEZ, Petitioner,**

v.

**GAS STOP; Colorado Compensation Insurance Authority; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 92CA1360.**

Colorado Court of Appeals,
Div. IV.

May 20, 1993.

Rehearing Denied July 8, 1993.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Steven U. Mullens, P.C., Steven U. Mullens, Richard L. Susman, Pueblo, for petitioner.

Paul Tochtrop, Denver, for respondents Gas Stop and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge JONES.

In this workers' compensation case, claimant, Jacqueline Valdez, petitions for review of a final order of the Industrial Claim Appeals Panel determining that respondents, Gas Stop (employer) and the Colorado Compensation Insurance Authority, were not liable for medically prescribed housekeeping services. We affirm.

While working for Gas Stop, claimant sustained an admitted compensable injury when a countertop that lifts to allow passage through the counter struck her on the head when it fell from its raised position. Although she later worked for other employers and attended a registered nursing program, claimant testified that, because she had problems with bending and lifting, she could not mop floors, clean the bathtub, or move furniture. Her treating physician had prescribed housekeeping assistance for her two hours a day, three times a week.

The Administrative Law Judge (ALJ) found that, based on the prescription, respondents were liable for payment of these housekeeping services. The Panel set aside the ALJ's order. It concluded that the prescribed housekeeping services did not constitute medical benefits for purposes of the Workers' Compensation Act (Act).

Claimant contends that, because housekeeping services are reasonably needed to relieve the effects of her injury, the Panel erred in reversing the ALJ's award of such benefits. We agree with the Panel.

The Act provides that the employer must furnish such medical treatment as may reasonably be needed to cure and relieve an injured employee from the effects of the injury. Section 8–42–101(1)(a), C.R.S. (1992 Cum.Supp.). Employers have been required to provide services which are either medically necessary for the treatment of a claimant's injuries or incidental to obtaining such treatment. This determination is one of fact. *Atencio v. Quality Care, Inc.,* 791 P.2d 7 (Colo.App.1990).

Under this medical necessity test, recovery for a medically prescribed snowblower has been disallowed, *ABC Disposal Services v. Fortier,* 809 P.2d 1071 (Colo.App. 1990), as was compensation for medically prescribed lawn care services. *Hillen v. Tool King,* 851 P.2d 289 (Colo.App.1993). However, in *Atencio v. Quality Care, Inc., supra,* a division of this court determined,

for the first time, that attendant care services, including housekeeping services, could constitute medical benefits reasonably necessary to relieve the injured worker from the effects of the industrial injury. In *Atencio*, the court did not determine that those housekeeping tasks rendered difficult to accomplish because of the injury were, *per se*, compensable under the Act. Rather, an analysis of the court's holding reveals that, under the circumstances present there, the housekeeping and other services were central to the claimant's physical health and were incident to the medically necessary attendant care services.

In *Atencio*, the claimant was severely injured in her left arm, wrist, hand, and shoulder in an industrial accident. She was later severely injured in her right arm, wrist, hand, and fingers as a direct result and compensable consequence of the primary injury to her left extremity. As a result of both injuries, not only could she not work, but the claimant could not "bathe, dress, perform home health care or sanitary functions, nor perform *any* household chores (such as cooking) without assistance. It was undisputed that, in light of the severity of [claimant's injuries], her treating physician had prescribed housekeeping services to be performed by an attendant, and the necessity of those services was not disputed at the hearing." *Atencio v. Quality Care, Inc., supra*, at 9 (emphasis added).

■ Based on *Atencio*, we hold that housekeeping services may reasonably be needed "to cure and relieve the employee from the effects of the injury," and are, thus, compensable, if it can be demonstrated that such services are incident to any medically necessary attendant care services and are central to the claimant's physical health or personal care. *See* 2 A. Larson, *Workmen's Compensation Law* § 61.-13(d)(4) (1992) (distinguishing housekeeping duties from nursing services); *Hillen v. Tool King, supra.*

■ In contrast to the situation in *Atencio*, in which the claimant could not perform any personal, health care, or household chores, here, the claimant testified only that she was unable to mop floors, clean her bathtub, or move furniture. She continued to work and attended a vocational educational program. She required no medically necessary attendant care services in the home.

The claimant's need for housekeeping services here is far removed from the circumstances confronted by the Panel and this court in *Atencio*. Thus, we agree with the Panel that the record here plainly does not support an award for housekeeping services.

The ALJ placed significant weight on the fact that the claimant had received a physician's prescription for housekeeping services. However, a medical prescription alone will not support a claim for compensation for housekeeping services.

Accordingly, under the circumstances here, the Panel did not err in setting aside the ALJ's award of housekeeping services.

The order of the Panel is affirmed.

PLANK and MARQUEZ, JJ., concur.