CHEYENNE COUNTY NURSING HOME, and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Gladys Brisendine, Respondents.

No. 94CA0205.

Colorado Court of Appeals, Div. II.

Feb. 9, 1995.

Douglas A. Thomas, Michael J. Steiner, Denver, for petitioners.

No appearance for respondent Industrial Claim Appeals Office.

John Gehlhausen, P.C., Darla Scranton Specht, Lamar, for respondent Gladys Brisendine.

Opinion by Judge ROY.

Petitioners, Cheyenne County Nursing Home and Colorado Compensation Insurance Authority, appeal from the final order of the Industrial Claim Appeals Panel which directed that they must provide an electric stair glider in the home of the claimant, Gladys Brisendine. We set aside the order.

The claimant is permanently and totally disabled as a result of an industrial injury and is confined to a wheelchair. The petitioners have provided a wheelchair and modifications to the claimant's home, including wheelchair ramps, smoke alarms, and bath-room modifications. However, they refused to pay for a stair glider to the basement on the basis that it was not medically necessary.

The Administrative Law Judge (ALJ) found that it was necessary for the claimant to be able to get to the basement because of the number of tornadoes and tornado warnings in the vicinity of claimant's residence. The ALJ concluded that the stair glider was reasonably necessary to relieve the effects of the claimant's industrial injury and is thus a compensable medical apparatus. The Panel agreed and affirmed the ALJ's order.

The petitioners contend that a stair glider is not an apparatus as defined by § 8–42–101(1)(a), C.R.S. (1994 Cum.Supp.). A corollary issue is whether the installation of a stair glider under the circumstances of this case is a required modification to the claimant's residence. We conclude that a stair glider is not an apparatus as that term is used in the statute. We further conclude that, under the circumstances at issue here, the installation of a stair glider in the claimant's residence is not a required modification.

Section 8–42–101(1)(a) provides:

Every employer, regardless of said employer's method of insurance, shall furnish such medical, surgical, dental, nursing, and hospital treatment, medical, hospital, and surgical supplies, crutches, and apparatus as may reasonably be needed at the time of the injury or occupational disease and thereafter during the disability to cure and relieve the employee from the effects of the injury.

The parties agree that a wheelchair is a medical apparatus as defined by the statute. In order for a wheelchair to provide adequate relief, it must be usable in the claimant's residence which usually requires some modification of the residence to include the installation of ramps, widening of doorways, and modification of the kitchen, bathroom, and bedroom to accommodate the wheelchair and claimant. *See R & T Construction Co. v. Judge*, 323 Md. 514, 594 A.2d 99 (1991); *Bomboy v. Workmen's Compensation Appeal Board*, 132 Pa.Commw. 169, 572 A.2d 248 (1990); *Rieger v. Workmen's Compensation*

*Appeal Board,* 104 Pa.Commw. 42, 521 A.2d 84 (1987).

■ Our present statute, and its predecessor, § 8–49–101(1)(a), C.R.S. (1986 Repl.Vol. 3B), has been narrowly construed with respect to services and the term "apparatus." *See ABC Disposal Services v. Fortier,* 809 P.2d 1071 (Colo.App.1990) (claimant who suffered a serious lower back injury not entitled to reimbursement for the purchase price of a prescribed snowblower); *Atencio v. Quality Care, Inc.,* 791 P.2d 7 (Colo.App.1990) (claimant entitled to prescribed housekeeping and attendant care services); *Valdez v. Gas Stop,* 857 P.2d 544 (Colo.App.1993) (claimant not entitled to certain housekeeping services as there was no required attendant care services); *Hillen v. Tool King,* 851 P.2d 289 (Colo.App.1993) (claimant who had leg amputated was not entitled to long-term lawn care services).

In *ABC Disposal Services v. Fortier, supra,* a division of this court concluded that the term "apparatus" as used in the statute is limited by the preceding phrase "medical, hospital and surgical" and, therefore, refers to an apparatus used for treatment to cure or relieve the effects of the injury.

In *Atencio v. Quality Care, Inc., supra,* the claimant had essentially lost the use of both hands and was unable to bathe, dress, or perform home health care, sanitary functions, or any household chores (such as cooking) without assistance. The household services permitted in *Atencio* were required to permit the claimant to eat prepared and nutritious meals and maintain a healthy and sanitary lifestyle.

In *Hillen v. Tool King, supra,* the court held that the employer's obligation was limited to providing services that relieved the symptoms of the injury and which provided for the claimant's direct physical needs. The court thereby distinguished the housekeeping services granted in *Atencio* from the lawn care services it declined to grant.

*ABC, Atencio, Hillen,* and the other cases, announce and apply a narrow construction of the statute requiring that the apparatus or service have therapeutic benefit. While the statute is susceptible to a broader interpretation, we perceive that the existing authority establishes a pattern we are constrained to follow. Therefore, we decline to adopt a more liberal or expansive interpretation.

Other jurisdictions with similar statutes have also narrowly construed them and concluded that the installation of a wheelchair lift was not a required modification to a residence. *See Bomboy v. Workmen's Compensation Appeal Board, supra; Savaria v. DiSano,* 118 R.I. 357, 373 A.2d 820 (1977).

In *R & T Construction Co. v. Judge, supra,* the claimant was a ventilator dependent quadriplegic who required, and was provided, full-time and extensive support services and equipment. The first floor of the claimant's residence had been modified to accommodate his wheelchair and support equipment. The common living areas of the home, including the kitchen and living room, however, were on the second floor, and the modifications did not provide access to these areas and the normal family activities that occur in these areas. The claimant was, for all practical purposes, limited to a hospital-like suite in his own home. After being denied additional modifications, including a lift, by the state of residence of both himself and his employer, he sought relief in Maryland where he sustained the injury. The Maryland court, in likewise denying the requested modifications, concluded that they would not reduce the quality or quantity of the support services necessary to sustain life.

The court then stated, in pertinent part:
We remain mindful that the act is to receive a liberal construction. Nevertheless, in the area of modifications to a residence, the concept of medical treatment under [the statute] must be limited to access for necessities. Here the purpose of the possible improvements goes beyond the necessities already being provided, and seeks to give Judge a sense of increased independence and self-worth. Under the circumstances here that goal is beyond the process of construction of [the statute].
Were we to depart from the standard of access to necessaries that may be implied in medical treatment, there would be no statutory standard to guide the Commission in determining the extent of

an insurer's obligation to make alterations to a claimant's residence.

*R & T Construction v. Judge, supra,* 323 Md. at 531, 594 A.2d at 108.

■ We conclude that the statute requires the employer to provide any apparatus necessary for the treatment of the injury or which provides therapeutic relief from the effects of the injury. Further, we conclude that the employer must make such improvements or modifications to the residence of a claimant as may be necessary to allow the claimant access to, and the use of, those portions of the residence which provide for the claimant's health and medical necessities.

■ Here, the claimant lives in a part of the state that has numerous tornadoes and tornado warnings. During such weather, or threatened weather, it is appropriate that the claimant retreat to a shelter or safe place. Her inability to do so may well cause her substantial concern, and there are undoubtedly other dangers which threaten the disabled because of a lack of mobility or other limitation which could be reduced or eliminated by additional equipment, assistance, or modification of a residence. Nevertheless, the existence of the threat of tornadoes does not, in our view, elevate the stair glider to being a "medical apparatus."

Whatever its presence might do for claimant's peace of mind, the stair glider provides no therapeutic benefit relative to her disabling injury. Nor does the threat of tornadoes require the installation of a stair glider in the claimant's residence because it is not necessary for access to health or medical necessities.

The order requiring petitioners to pay for the stair glider is set aside.

CRISWELL and BRIGGS, JJ., concur.