**COUNTRY SQUIRE KENNELS and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Debra TARSHIS and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 94CA1271.**

Colorado Court of Appeals, Div. III.

June 15, 1995.

Colorado Compensation Ins. Authority, Douglas A. Thomas, Denver, for petitioners.

Fischer Brown Huddleson & Gunn, P.C., Stephen J. Jouard, Ft. Collins, for respondent Debra Tarshis.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Petitioners, Country Squire Kennels and Colorado Compensation Insurance Authority, seek review of the final order of the Industrial Claim Appeals Office (Panel) affirming an award for the cost of housecleaning services provided to claimant, Debra Tarshis. We set aside the order.

The issue presented here is whether a claimant who has suffered an admitted work-related injury may receive compensation for the expense of medically prescribed housecleaning services if those services are not "incidental to" the expense of providing reasonably necessary medical, nursing, or attendant care treatment services. We hold that she may not.

As a result of her work-related injury, the claimant experienced chronic low back pain which, the Administrative Law Judge (ALJ) found, severely limited her daily activities and her ability to clean house. Specifically, he found that the claimant had difficulty sleeping and getting out of bed and that she required assistance with cooking, grocery shopping, and personal care, such as bathing. She also had difficulty dressing herself. The claimant was able to perform these tasks only with the assistance of her boyfriend, for whose services she did not seek compensation. Although claimant's physician prescribed housecleaning services, no attendant care services were prescribed.

The ALJ concluded that the medically prescribed housecleaning services were necessary to relieve the claimant from the effects of her injuries and were incidental to attendant care services that the ALJ determined to be medically necessary and that had been provided by her boyfriend. Hence, the ALJ awarded the claimant an amount for the expense of such weekly housecleaning services.

On appeal, the Panel affirmed, reasoning that the claimant had received medically necessary attendant care services, consisting of cooking and grocery shopping, from her boyfriend and other friends. The Panel concluded that it was unnecessary for the attendant care services provided to be medically prescribed, in light of substantial evidence that the claimant needed and was receiving such services.

Further, the Panel concluded that the housecleaning services for which the claimant sought compensation were incidental to her overall need for attendant care services and that, if the claimant were to perform these housecleaning activities, she would aggravate her medical condition. Accordingly, following Atencio v. Quality Care, Inc., 791 P.2d 7 (Colo.App.1990), the Panel determined that the reasonable value of the claimant's housecleaning services was covered under the Workers' Compensation Act.

Petitioners contend that the claimant may not be compensated for housecleaning services that are neither medically necessary nor incurred "incidental to" the expense of providing services that are medically necessary. We agree with petitioners' argument.

Under § 8–42–101(1)(a), C.R.S. (1994 Cum. Supp.): "Every employer ... shall furnish such medical [and] nursing ... treatment ... as may reasonably be needed at the time of the injury or occupational disease and thereafter during the disability to cure and relieve the employee of the effects of the injury."

Thus, to be compensable, expenses must be for medical or nursing treatment, or incidental to obtaining such medical or nursing treatment. See Industrial Commission v. Pacific Employers Insurance Co., 120 Colo. 373, 209 P.2d 908 (1949). Moreover, the mere fact that the housecleaning services are prescribed by a physician does not make them medically necessary. See Hillen v. Tool King, 851 P.2d 289 (Colo.App.1993) (compensation denied for medically prescribed lawn care services); ABC Disposal Services v. Fortier, 809 P.2d 1071 (Colo.App. 1990) (compensation denied for medically prescribed snowblower because it did not cure or relieve the effects of an injury but only provided an easier method for claimant to perform a household chore).

Here, the claimant's attending physician equivocated with respect to whether the housecleaning services themselves are medi-

cally necessary. In addition, on appeal, the claimant does not contend that the housecleaning services themselves constituted medical or nursing treatment. However, even if claimant's housecleaning services are not medical or nursing treatment, they may still be compensable if their cost is incidental to the expense of providing medical or nursing treatment.

Although the phrase "incidental to" does not appear in the statute, it was first used by the supreme court in *Industrial Commission v. Pacific Employers Insurance Co., supra.* There, the claimant, a Granby resident, was required to remain in Denver for medical treatment for several weeks. The supreme court held that during this period, his expenses for room and board were compensable as "incident to" his obtaining hospital services. During a subsequent period, however, after the claimant had moved to Denver, the supreme court held that his room and board expenses were no longer compensable.

Thus, in *Pacific Employers,* the supreme court used "incident to" as meaning enabling. Hence, when the claimant's room and board expenses enabled him to attend his hospital treatment in Denver, those expenses were incident to his medical treatment and thus compensable. On the other hand, when his expenses of room and board after he had moved to Denver did not enable him to receive medical treatment, but merely made it easier for him to do so, they were not compensable. *See also Sigman Meat Co. v. Industrial Claim Appeals Office,* 761 P.2d 265 (Colo.App.1988) (claimant's transportation expenses incurred in seeking authorized medical treatment held compensable as incident to such medical treatment).

In more recent years, two other divisions of this court have held that housekeeping services that were incidental to medically necessary attendant care services were compensable. *Atencio v. Quality Care, Inc., supra; Edward Kraemer & Sons, Inc. v. Downey,* 852 P.2d 1286 (Colo.App.1992). *See also* 2 A. Larson, *Workmen's Compensation Law* § 61.13(d)(4) (1992) (courts have drawn a line between nursing attendance, which is covered by Workers' Compensation, and services that are in essence housekeeping, which are not).

In *Atencio,* the court considered whether a claimant who could not perform any personal care tasks because of her compensable injury should receive compensation for medically necessary attendant care services and related housekeeping services. The division held that both medically necessary attendant care services and housekeeping services incidental to obtaining such attendant care services are compensable.

Similarly, in *Kraemer,* the court noted that a spouse should be compensated for services rendered to an industrially injured employee if those services are in the nature of nursing services, but that compensation may not be awarded to a spouse if the only services being rendered to a claimant are ordinary household chores.

In *Atencio* and *Kraemer,* the courts used the phrase "incident to" in a slightly different manner from the way the phrase had been used in *Pacific Employers.* In these cases, the meaning of "incidental" was more in keeping with its dictionary definition as "occurring as a minor concomitant" or "being likely to ensue as a chance or minor consequence." *Webster's Third New International Dictionary* 1142 (1986).

Thus, in both *Atencio* and *Kraemer,* the housekeeping services were found compensable because they were minor concomitants of the necessary medical treatment provided.

■ Taken together, *Pacific Employers, Atencio,* and *Kraemer* indicate that in order to render expenses incurred for housekeeping services provided to an industrially injured employee compensable pursuant to § 8–42–101(1)(a), such services must enable the claimant to obtain medical care or treatment or, alternatively, must be relatively minor in comparison to the medical care and treatment.

In contrast, if housekeeping services do not enable a claimant to obtain medical or nursing treatment or are not relatively minor in comparison to medical care and treatment, then other divisions of this court have held that such services are not compensable. *See*

*Valdez v. Gas Stop,* 857 P.2d 544 (Colo.App. 1993) (housekeeping services not compensable unless incidental to medically necessary attendant care services and central to claimant's health or personal care); *see also Hillen v. Tool King, supra; ABC Disposal Services v. Fortier, supra.*

Here, claimant seeks compensation for housekeeping services that are not medically necessary. Further, because the housekeeping services do not enable her to obtain medical or nursing treatment and are not relatively minor compared to the very limited medical or nursing treatment needed by the claimant, those housekeeping services are not incident to medical or nursing treatment and, thus, are not compensable.

Order set aside.

JONES, J., concurs.

HUME, J., specially concurs.

Judge HUME specially concurring.

I agree with the result reached by the majority. However, insofar as the majority opinion interprets the decision in *Atencio v. Quality Care, Inc.,* 791 P.2d 7 (Colo.App. 1990) to require nursing or attendant care services as an indispensable link to an award of housekeeping services, I disagree with its analysis.

In my view, expenses incurred by an injured employee for housekeeping services are compensable if such services are reasonably needed to cure or relieve the employee from the effects of a compensable industrial injury. *See* § 8–42–101(1)(a), C.R.S. (1994 Cum.Supp.). Housekeeping expenses may also be recoverable if the service is provided incidentally while providing necessary medical or nursing treatment. *See Edward Kraemer & Sons, Inc. v. Downey,* 852 P.2d 1286 (Colo.App.1992).

Here, the evidence is undisputed that the prescribed housekeeping services would not cure or relieve the symptoms caused by the industrial injury. At best, the housekeeping services assisted claimant in avoiding additional aggravation of the symptoms associated with her injury that she might otherwise experience by personally performing such household tasks.

Nor was any evidence presented that the expense of housekeeping service was incidental to the provision of necessary medical or nursing services as was the case in *Edward Kraemer & Sons v. Downey, supra.*

Hence, since I conclude that the Administrative Law Judge's findings are unsupported by substantial evidence, I concur in the vacation of the Panel's order affirming the award of compensation for housekeeping services.