**AREN DESIGN, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Kaylo J. BECERRA; the Industrial Claims Appeals Office of the State of Colorado; and Director, Division of Workers' Compensation, Respondents.**

**No. 94CA1927.**

Colorado Court of Appeals, Div. IV.

May 18, 1995.

benefits for Kaylo J. Becerra (claimant). We affirm.

Claimant sustained an admitted industrial injury in April 1992 and received primary care from her chiropractor. At petitioners' request, claimant was referred to an orthopedic physician, who opined that claimant had reached maximum medical improvement in October 1992. Petitioners therefore terminated temporary benefits as of that date.

At a hearing before the Administrative Law Judge (ALJ), the parties stipulated that claimant's authorized treating physician was the chiropractor and not the orthopedist. The parties also stipulated that claimant had not yet reached maximum medical improvement and that benefits should continue. However, petitioners' counsel stated that "[w]e will want an IME [independent medical examination] on this case" and that "we will reinstate TTD [temporary total disability payments] ... until we get the MMI [maximum medical improvement] date either from [the authorized treating physician] or his referral or through the IME process."

Thereafter, the Division appointed another orthopedic physician to conduct an examination. This physician agreed that claimant had reached maximum medical improvement in October 1992. Accordingly, petitioners again terminated temporary benefits.

A second hearing was held to determine whether petitioners were justified in terminating benefits. The parties disputed whether the orthopedic examination had been conducted pursuant to § 8–42–107(8)(b), C.R.S. (1994 Cum.Supp.), such that the orthopedist's opinion on maximum medical improvement was presumed binding.

After reviewing the language in the transcript of the first hearing, the ALJ concluded that the comments by petitioners' counsel at the hearing did not provide notice to claimant's counsel that the evaluation by an independent medical examiner would be binding under § 8–42–107(8)(b). The ALJ also determined that § 8–42–107(8)(b) can be utilized by petitioners to reexamine the issue of maximum medical improvement by an independent medical examiner only after a finding of maximum medical improvement has

Berry & Singer, John Berry, Denver, for petitioners Aren Design, Inc., and Colorado Compensation Ins. Authority.

The Elliott Law Offices, James E. Elliott, Jr., Mark D. Elliott, Arvada, for respondent Kaylo J. Becerra.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeannette Walker Kornreich, Asst. Atty. Gen., Denver, for respondents Industrial Claims Appeals Office and Director, Div. of Workers' Compensation.

Opinion by Judge RULAND.

Petitioners, Aren Design, Inc., (employer) and its insurer, Colorado Compensation Insurance Authority, seek review of the order of the Industrial Claim Appeals Panel reinstating payment of temporary total disability

been made by an authorized treating physician who is providing primary care. Because the ALJ found that no such finding had been made by the chiropractor here, the ALJ concluded that petitioners were precluded from terminating temporary benefits. The Panel affirmed.

Petitioners contend that they may seek an independent medical examination under § 8–42–107(8)(b) to determine whether a claimant has reached maximum medical improvement regardless whether the treating physician has made that determination. We disagree.

■■■■ To determine the intent of the General Assembly in adopting a statute, we must first consider the plain meaning of the words used in that statute. If the language is clear and unambiguous, we need not resort to the rules of statutory construction. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993). Instead, the statute must be applied as written unless that application results in an absurd result. *Turner v. Denver,* 867 P.2d 197 (Colo.App.1993).

As pertinent here, § 8–42–107(8)(b) provides that:

> The authorized treating physician who has provided the primary care *shall* determine when the injured employee reaches maximum medical improvement as defined in section 8–40–201(11.5). If either party disputes *the authorized treating physician's finding of maximum medical improvement,* the parties may select an independent medical examiner by mutual agreement.

(emphasis added)

■■ The use of the word "shall" in the statute is presumed to indicate a mandatory requirement. *See State Board of Medical Examiners v. Saddoris,* 825 P.2d 39 (Colo. 1992). Accordingly, the authorized treating physician must first determine that a claimant has reached maximum medical improvement. *See also* Department of Labor and Employment Rule IV(N)(4)(a), 7 Code Colo. Reg. 1101–3. Then, an independent medical examination may be agreed upon only if either party disputes the *authorized treating physician's* finding.

■■ Thus, the Panel did not err in concluding that a finding of maximum medical improvement from the authorized treating physician was a prerequisite to either party seeking another physician's evaluation pursuant to § 8–42–107(8)(b).

Petitioners next contend that this interpretation of the statute leaves them without a remedy to contest the authorized treating physician's failure to render an opinion on maximum medical improvement, thereby violating their due process rights. We are not persuaded.

Petitioners may challenge the necessity or the propriety of treatment provided by an authorized physician pursuant to the utilization review process contained in § 8–43–501, C.R.S. (1994 Cum.Supp.). This process allows petitioners to seek a change in medical providers as well. *See* § 8–43–501(3)(c), C.R.S. (1994 Cum.Supp.). And, petitioners may seek review of the Director's decision pursuant to § 8–43–501(5)(a), C.R.S. (1994 Cum.Supp.).

Under these circumstances, we reject the contention that no remedy exists for an alleged failure to determine maximum medical improvement by the treating physician. *Cf. Colorado Compensation Insurance Authority v. Nofio,* 886 P.2d 714 (Colo.1994) (medical utilization review procedure does not violate claimant's right to due process).

■■ Petitioners also contend that the Panel erred in failing to find that claimant's counsel in effect agreed in the first hearing to an independent medical examination for the purpose of determining maximum medical improvement pursuant to § 8–42–107(8)(b). However, we agree with the Panel's conclusion that the discussion on the record by counsel regarding an independent medical examination is ambiguous and that the ALJ did not err in resolving this issue in favor of claimant.

The order of the Panel is affirmed.

PLANK and NEY, JJ., concur.