Sonja FILIPPI, Plaintiff–Appellee,

v.

**FARMERS INSURANCE EXCHANGE**
d/b/a Farmers Insurance Group of
Companies, Defendant–Appellant.

No. 95CA0924.

Colorado Court of Appeals,
Div. V.

Oct. 10, 1996.

As Modified on Denial of Rehearing
Nov. 21, 1996.

Certiorari Granted Aug. 25, 1997.

Dickinson, Everstine & Prud'homme, Robert P. Ingram, Denver, Malman, Trattler & Dehncke, P.C., Jerome S. Malman, Denver, for Plaintiff–Appellee.

White and Steele, P.C., John M. Lebsack, John P. Craver, Keith R. Olivera, Denver, for Defendant–Appellant.

Opinion by Judge RULAND.

This is a declaratory judgment proceeding to determine whether defendant, Farmers Insurance Exchange, has statutory subrogation rights to recover no-fault benefits previously paid to its insured, plaintiff Sonja Filippi. Farmers appeals the summary judgment entered in favor of plaintiff. We affirm.

Plaintiff was injured when the automobile she was driving collided with a privately owned semi-tractor/trailer truck. Farmers paid $33,541.23 in no-fault benefits to plaintiff

as its insured. Plaintiff later settled her claim against the owner of the truck for $85,000.

Plaintiff filed this action seeking to establish that Farmers was not entitled to assert subrogation rights to the settlement proceeds pursuant to § 10–4–713, C.R.S. (1994 Repl. Vol. 4A) of the No–Fault Act. As pertinent here, this statute prevents an insurance carrier from claiming subrogation rights for no-fault benefits paid to an insured unless the other vehicle is a "nonprivate passenger motor vehicle" under § 10–4–713(2)(a), C.R.S. (1994 Repl.Vol. 4A).

The parties filed cross-motions for summary judgment addressing whether the semi-tractor/trailer was a "nonprivate passenger motor vehicle." The trial court concluded that it was not and, therefore, granted plaintiff's motion.

On appeal, Farmers contends that the General Assembly intended to include all vehicles not fitting the definition of a "private passenger motor vehicle" in the category of "nonprivate passenger motor vehicles." According to Farmers, this is so because the General Assembly intended to create a broad right of subrogation against all types of commercial vehicles.

Based upon this premise, Farmers argues that the trial court erred in applying the plain meaning rule of statutory construction to conclude that the semi-tractor/trailer was not a nonprivate passenger vehicle. However, we agree with the court's ruling.

As pertinent here, § 10–4–713(1), C.R.S. (1994 Repl.Vol. 4A) provides:

Neither any person eligible for direct benefits described in section 10–4–706 nor any insurer providing benefits described in section 10–4–706 shall have any right to recover against an owner, user, or operator of a motor vehicle ... in any action for damages for benefits required to be paid under section 10–4–706....

However, an exception to this rule against subrogation is provided by § 10–4–713(2), C.R.S. (1994 Repl.Vol. 4A) which states:

(a) Notwithstanding the provisions of subsection (1) of this section, where a motor vehicle accident involves a private passen-

ger motor vehicle ... and a nonprivate passenger motor vehicle, the insurer of the private passenger motor vehicle ... shall have a direct cause of action for all benefits actually paid by such insurer under section 10–4–714 against the owner, user, or operator of the nonprivate passenger motor vehicle....

....

(c) For the purposes of this subsection (2), a 'private passenger motor vehicle' means an automobile of the private passenger, station wagon, or camper type not used as a public or livery conveyance ... or an automobile of the panel delivery or truck type with a rated load capacity of one thousand five hundred pounds or less.

The term "nonprivate passenger motor vehicle" is not defined.

In construing statutory provisions, this court must give effect to the intent of the General Assembly by looking first to the statutory language itself and applying the commonly accepted and plain meaning of the words used. *Jones v. Cox*, 828 P.2d 218 (Colo.1992). As relevant here, if the language is clear and unambiguous, we may not resort to other rules of statutory construction to interpret the statute unless application of the plain meaning rule leads to an absurd result. *Aren Design, Inc. v. Becerra*, 897 P.2d 902 (Colo.App.1995).

A plain reading of § 10–4–713(2) reveals that the prefix "non" modifies only "private" and not the words "passenger motor vehicle." Accordingly, before subrogation rights may be asserted, it must appear that the other vehicle was a passenger vehicle. *See Webster's Third New International Dictionary* 1650 (1986)(Passenger car is an automobile for carrying a limited number of passengers); *see also* § 6–1–201(4), C.R.S. (1992 Repl.Vol. 2)("Private passenger type automobile or vehicle" under the Consumer Protection Act includes automobiles and passenger vans that are primarily for the transport of people).

A semi-tractor/trailer, on the other hand, is designed and intended primarily to

convey property. *See Webster's Third New International Dictionary* 2065 (1986)(a semi-trailer is a trucking rig made up of a tractor and a semi-trailer); *see also Black's Law Dictionary* 1679 (4th ed.1968)(truck is a wheeled vehicle for carrying heavy weight); *see also* §§ 42–1–102(105), 42–1–102(108), & 42–1–102(109), C.R.S. (1996 Cum.Supp.)(defining trailer, truck, and truck tractor for purposes of the Uniform Motor Vehicle Law). Thus, it necessarily follows that a semi-tractor/trailer owned by a private entity is not included in the phrase "nonprivate passenger motor vehicle."

Contrary to defendant's contention, we do not agree that the literal interpretation applied by the trial court reaches an absurd result because it creates a category for which virtually no vehicles would qualify. Claims by private parties against governmental entities arising from automobile accidents are generally subject to the provisions of the No–Fault Act. *Regional Transportation District v. Voss,* 890 P.2d 663 (Colo. 1995). Therefore, the classification "nonprivate passenger motor vehicles" would include publicly owned passenger vehicles.

Further, and contrary to defendant's argument, we do not view this interpretation as absurd based upon other policy considerations. Specifically, in adopting the No–Fault Act, the General Assembly desired to reduce insurance premiums and administrative costs by limiting subrogation rights. *See Peterson v. Kester,* 791 P.2d 1185 (Colo.App. 1989).

Finally, there is no suggestion in this record that plaintiff has made any recovery in excess of her damages. Hence, this result is also consistent with the legislative declaration that the purpose of the No–Fault Act is to avoid inadequate compensation to victims of automobile accidents. Section 10–4–702, C.R.S. (1994 Repl.Vol. 4A); *Allstate Insurance Co. v. Smith,* 902 P.2d 1386 (Colo.1995).

Therefore, the judgment is affirmed.

MARQUEZ and TAUBMAN, JJ., concur.