Dana KUZIEL, Petitioner,

v.

PET FAIR, INC., Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 95CA2036.

Colorado Court of Appeals, Div. III.

Oct. 24, 1996.

Rehearing Denied Dec. 27, 1996.

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

**522**

William A. Alexander, Jr., Colorado Springs, for Petitioner.

Colorado Compensation Insurance Authority, Marjorie J. Long, Brandee L. DeFalco, Denver, for Respondents Pet Fair, Inc. and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office of State of Colorado.

Opinion by Judge HUME.

In this workers' compensation proceeding, claimant, Dana Kuziel, seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that respondents, Pet Fair, Inc., and the Colorado Compensation Insurance Authority, were not liable for "babysitting services" provided while claimant was hospitalized for surgery to treat the work-related injury to her knee. We affirm.

The facts are undisputed. A hearing was conducted concerning claimant's petition to reopen and request for temporary disability benefits and medical benefits, at which respondents did not appear. The Administrative Law Judge (ALJ) found that $300, the value of the airline ticket that claimant had purchased for her sister to come to Colorado and watch her children, was a reasonable amount for babysitting services for one week. Accordingly, the ALJ ordered respondents to pay claimant that amount for the "necessary babysitting services" she incurred during her hospitalization.

The sole issue raised in this review is whether the Panel erred in determining that, under the circumstances presented here, the child care services were not a compensable medical benefit under § 8–42–101(1)(a), C.R.S. (1996 Cum.Supp.). We find no error.

Section 8–42–101(1)(a) provides that the employer must furnish such medical treatment as may reasonably be needed to cure and relieve an injured employee from the effects of an injury. In order for a particular service to be compensable under this section, it must be "medical" in nature or "incidental" to obtaining necessary medical treatment. *See Country Squire Kennels v. Tarshis,* 899 P.2d 362 (Colo.App.1995).

Divisions of this court have narrowly construed § 8–42–101(1)(a) when determining whether a particular service or apparatus is medical in nature. *Cheyenne County Nursing Home v. Industrial Claim Appeals Office,* 892 P.2d 443 (Colo.App.1995). Under such construction, the child care services here were not "medical" in nature because they did not relieve the symptoms or effects of the injury and were not directly associated with the claimant's physical needs. *See Hillen v. Tool King,* 851 P.2d 289 (Colo.App. 1993). In addition, they were not "incidental" to medical treatment because such services were not provided as part of an overall home health care program designed to treat the claimant's condition. *Cf. Edward Kraemer & Sons, Inc. v. Downey,* 852 P.2d 1286 (Colo.App.1992).

Finally, the child care services were not compensable on the theory that they "enabled" claimant to receive medical treatment. *See Industrial Commission v. Pacific Employers Insurance Co.,* 120 Colo. 373, 209 P.2d 908 (1949) (room and board expenses disallowed once claimant relocated to a new home near the hospital); *Sigman Meat Co. v. Industrial Claim Appeals Office,* 761 P.2d 265 (Colo.App.1988) (transportation expenses to obtain authorized treatment allowed).

In *Pacific Employers* and *Sigman Meat Co., supra,* the room and board and travel expenses allowed were actually and necessarily incurred by the injured person in accessing the site of the treatment. Thus, while such expenses were not incurred for necessary medical treatment, they were neverthe-

less allowed as expenses that enabled necessary medical treatment. We, like the court in *Pacific Employers,* are disinclined to extend benefits to cover the payment of expenses incurred for household care or maintenance, child, spousal, or pet care, or other routine living expenses that are paid or incurred during a claimant's hospitalization or other medical treatment.

*Grover v. Industrial Commission,* 759 P.2d 705 (Colo.1988) is distinguishable because the award of child care expenses in that case was predicated on the specific language of the former statutory provision concerning mandatory vocational rehabilitation.

Consequently, the Panel did not err in determining that the child care services here did not constitute a compensable medical benefit under § 8–42–101(1)(a), and thus, in setting aside the ALJ's order awarding claimant $300 for child care services.

Order affirmed.

KAPELKE and PIERCE*, JJ., concur.