Samantha BELLONE, f/k/a Samantha Lederman, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO,** The Bailey Company, d/b/a Arby's Restaurant, and Wausau Insurance Companies, Respondents.

No. 96CA2079.

Colorado Court of Appeals, Div. I.

June 26, 1997.

Dwyer, Huddleson & Ray, P.C., Stephen J. Jouard, Fort Collins, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

William M. Sterck, Denver, for Respondents The Bailey Company, d/b/a Arby's Restaurant, and Wausau Insurance Companies.

Opinion by Judge MARQUEZ.

In this workers' compensation case, claimant, Samantha Bellone, f/k/a Samantha Lederman, seeks review of an order of the Industrial Claims Appeals Office (Panel) which set aside that portion of an order of the Administrative Law Judge (ALJ) ordering the respondents, the Bailey Company, d/b/a Arbys Restaurant, and Wausau Insurance Companies, to provide claimant child care services as a form of medical benefits. We set aside the Panel's order.

Claimant suffered a compensable closed head injury when she slipped and fell during the scope and course of her employment. The Panel's order reflects that, as a result, she suffers from seizures, extreme fatigue, depression, mental confusion, and a sleep disorder.

After claimant had undergone extensive medical care and treatment, assisted child care to allow her to attend medical appointments and to rest during the day was prescribed. Respondents stipulated that they would pay any reasonable and necessary child care expenses incurred to allow claimant to attend authorized medical appointments, but they refused to pay such expenses for the purpose of allowing claimant to rest or engage in other non-medical appointment activities.

Relying on the reasoning of *Kuziel v. Pet Fair, Inc.*, 931 P.2d 521 (Colo.App.1996), the Panel determined that the child care services claimant requested to allow her to rest were neither medical in nature nor incidental to obtaining necessary medical treatment. The Panel read *Kuziel* as clearly reflecting the court's policy to disallow routine living expenses, including child care, even if such expenses assist the claimant in obtaining or receiving medical treatment. Perceiving no applicable difference between the facts in *Kuziel* and the circumstances here, it reversed the ALJ's order awarding child care services. We disagree with this interpretation of *Kuziel*.

Claimant contends that prescribed child care expenses which are required as part of the treatment for her work-related injuries constitute a reasonable and necessary medical expense. Under the circumstances here, we agree.

Section 8–42–101(1)(a), C.R.S. (1996 Cum. Supp.) provides as follows:

> Every employer, regardless of said employer's method of insurance, shall furnish such medical, surgical, dental, nursing, and hospital treatment . . . . as may reasonably be needed at the time of the injury or occupational disease and thereafter during the disability to cure and relieve the employee from the effects of the injury.

To be compensable as medical benefits, the expenses must be for medical or nursing treatment or incidental to obtaining such medical or nursing treatment. *Country Squire Kennels v. Tarshis*, 899 P.2d 362 (Colo.App.1995). The service must be reasonably needed to cure and relieve the effects of the injury and be related to a claimant's physical needs. *Hillen v. Tool King*, 851 P.2d 289 (Colo.App.1993).

The determination whether services are medically necessary for the treatment of a claimant's injuries or incidental to obtaining such treatment is a question of fact. *Edward Kraemer & Sons, Inc. v. Downey*, 852 P.2d 1286 (Colo.App.1992). An ALJ's resolution of a question of fact, sup-

ported by substantial evidence, must be upheld on appeal. *Langton v. Rocky Mountain Health Care Corp.*, 937 P.2d 883 (Colo.App. 1996).

In *Kuziel v. Pet Fair, Inc., supra,* a division of this court concluded that the Panel did not err in determining that the child care services there at issue did not constitute a compensable medical benefit. However, that case involved a claim for reimbursement for the value of an airline ticket that claimant had purchased for her sister to come to Colorado and watch her children. The court in *Kuziel* concluded that the child care services were not "medical" in nature because they did not relieve the symptoms or effects of the injury and were not directly associated with the claimant's physical needs. It further concluded that such services were not "incidental" to medical treatment because they were not provided as part of an overall home healthcare program designed to treat the claimant's condition.

Here, however, claimant, a single parent, testified that she required child care to watch her children to allow her to attend medical appointments and to allow her time to rest during the week. Further, although claimant testified that on the average she was assisted with child care services 35 hours per week, she sought payment for no more than 20 hours per week for such services from respondent insurer. Also, the claimant's treating neurologist prescribed "Daycare 20 hr/week—to participate in rehab/treatment program for TBI."

In a narrative report, claimant's treating neuropsychologist opined that claimant should continue to receive up to 20 hours per week in child care services. His reasons were twofold:

(1) Due to Ms. [Bellone's] injury, as well as her subsequent seizure disorder, she struggles daily with fatigue and inefficiency brought on both by her cognitive deficits and a related sleep disorder; (2) a program in which she is able to pace herself, taking frequent scheduled rest breaks, allows her not to become overwhelmed, overly fatigued and depressed, as well as increasing [sic] her susceptibility to seizures.

. . . .

Thus, a program wherein she is able to plan her worktime/breaktime would allow her to increase her efficiency and decrease susceptibility to fatigue, depression and seizures.

The ALJ found that the prescribed child care services are medically necessary to cure and relieve the claimant from the effects of her work-related head injury and resulting seizure disorder and further found that she was entitled to reimbursement for child care of up to 20 hours per week, inclusive of child care to attend medical appointments.

In contrast to the situation here, in *Kuziel v. Pet Fair, Inc., supra,* there was no supporting medical testimony or prescription to indicate that the care was to relieve claimant of the effects of her injury. Claimant in *Kuziel* apparently purchased the airline ticket on her own and it was for the purpose of providing a reasonable amount for babysitting services for one week without specifying or otherwise indicating that it was to relieve her from the effects of the injury. Here, medical testimony indicated that rest was necessary to allow claimant to deal with fatigue and symptoms associated with her head injury and seizure disorder.

Accordingly, the ALJ's findings are supported by substantial evidence. The child care services here were "medical" in nature because they relieved the symptoms and effects of the injury and were directly associated with claimant's physical needs. Further, they were "incidental" to medical treatment because the services were provided as part of an overall home healthcare program designed to treat the claimant's condition. *See Edward Kraemer & Sons, Inc. v. Downey, supra.*

Accordingly, the Panel's order is set aside and the cause is remanded with directions to enter an order requiring payment for the child care services which allow claimant medically prescribed rest.

METZGER and CRISWELL, JJ., concur.