Robert E. KENNEDY, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO,
AAA Concrete Contracting, and Mid–
Century Insurance Company, Respon-
dents.

No. 03CA1891.

Colorado Court of Appeals,
Div. I.

Sept. 9, 2004.

Alexander and Ricci, P.C., William A. Alex-
ander, Jr., Colorado Springs, Colorado, for
Petitioner.

Ken Salazar, Attorney General, Laurie
Rottersman, Assistant Attorney General,
Denver, Colorado, for Respondent Industrial
Claim Appeals Office.

Joel N. Varnell & Associates, Raymond A.
Melton, Denver, Colorado, for Respondents
AAA Concrete Contracting and Mid–Century
Insurance Company.

Opinion by Judge HUME.*

Robert E. Kennedy (claimant) seeks re-
view of a final order of the Industrial Claim
Appeals Office (Panel) that imposed a $500
penalty for his failure to obey an order to
attend a division-sponsored independent

---

* Sitting by assignment of the Chief Justice under
provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

medical examination (DIME), denied his request for temporary total disability (TTD) benefits to attend the examination, and denied his request to order AAA Concrete Contracting and its insurer, Mid–Century Insurance Company (collectively employer), to pay permanent partial disability (PPD) benefits pending completion of the DIME. We affirm.

Claimant sustained a compensable back injury in March 2001, and employer admitted liability for TTD benefits. On June 4, 2002, the treating physician placed claimant at maximum medical improvement (MMI) and assessed a permanent impairment rating of twenty percent of the whole person.

Employer applied for a DIME and requested that it be conducted in Denver, Colorado, by a physiatrist. Although claimant lives in Colorado Springs, the division assigned a Denver physician to conduct the DIME. Claimant's counsel thereafter notified employer that claimant would not attend the DIME in Denver and applied for a hearing to determine whether the division properly selected Denver as the location for the DIME. Prior to that hearing, employer filed a motion to compel claimant's attendance at the DIME, and on November 12, 2002, a prehearing administrative law judge (PALJ) ordered claimant to attend the DIME that was scheduled for the following day. That order also directed that employer reimburse claimant's travel expenses in attending the DIME. Claimant again refused to attend and applied for a hearing to review the PALJ's order.

Only documentary evidence was presented at the hearing based on both applications. The administrative law judge (ALJ) imposed a one-time penalty of $500, ruled that he lacked jurisdiction to award PPD benefits pending completion of the DIME, and held that there is no statutory requirement for the payment of TTD based on claimant's attendance at a DIME.

## I.

■ We disagree with claimant's first assertion that the ALJ may not assess penalties against an injured worker for refusing to abide by the PALJ's order pending review by the ALJ.

Section 8–43–207.5(3), C.R.S.2003, provides that the rulings of a PALJ are binding on the parties. No provision stays interlocutory orders entered by a PALJ pending review by an ALJ. *Cf.* § 8–43–401(2)(a), C.R.S.2003 (once all appeals have been exhausted or when there have been no appeals, insurers and self-insured employers must pay benefits within thirty days of when they are due). Nor did claimant request a stay of the PALJ's order pending review by an ALJ.

Under the circumstances, we agree with the Panel that a party may not elect, without fear of consequences, to ignore a ruling of the PALJ in the hope of obtaining a more favorable ruling before the ALJ. Any change in the current procedure must come from the General Assembly. *See Salazar v. Indus. Claim Appeals Office,* 10 P.3d 666 (Colo.App. 2000).

## II.

■ Claimant also asserts that the division may not appoint a Denver physician to perform a DIME in a Colorado Springs case. We disagree.

Department of Labor & Employment Rule of Procedure XIV(3)(b)(1) (formerly codified at (3)(b)(2)), 7 Code Colo. Regs. 1101–3, was established by the director pursuant to an express grant of statutory authority. *See* § 8–42–101(3.5)(a)(II), C.R.S.2003. It requires the party requesting a DIME to designate a "preferred geographic location." Another rule authorizes the PALJ or ALJ to grant appropriate relief when there is error in the conduct of a medical examination. *See* Dep't of Labor & Employment Rule of Procedure XIV(3)(n). Here, the PALJ's order disposed of claimant's request to change the location of the DIME.

Contrary to claimant's argument, C.R.C.P. 98 only governs place of trial for judicial proceedings in tort, contract, and other civil actions. C.R.C.P. 98 does not apply to workers' compensation DIME proceedings. Such DIME proceedings are governed by departmental rules.

### III.

We also reject claimant's contention that, because a specific penalty is provided by § 8–43–404, C.R.S.2003, the ALJ may not impose additional penalties under § 8–43–304, C.R.S.2003, when an injured worker refuses to attend a DIME. *See Holliday v. Bestop, Inc.,* 23 P.3d 700 (Colo.2001)(statutory language "for which no penalty has been specifically provided" in § 8–43–304 does not apply to a failure or refusal to obey a lawful order of the director or panel). A penalty may be imposed for failure to obey a lawful order even though a different penalty section authorizes sanctions for the same conduct.

*Holliday v. Bestop, Inc., supra; see Giddings v. Indus. Claim Appeals Office,* 39 P.3d 1211 (Colo.App.2001).

The order is affirmed.

Judge MARQUEZ and Judge KAPELKE concur.