**ASSOCIATED BUSINESS PRODUCTS and Liberty Mutual Group, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Kevin McOmber, Respondents.**

No. 04CA2370.

Colorado Court of Appeals, Div. III.

Nov. 3, 2005.

Zarlengo Mott Zarlengo & Winbourn, Scott M. Busser, Denver, Colorado, for Petitioners.

No Appearance for Respondent for Industrial Claim Appeals Office.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado, for Respondent Kevin McOmber.

CASEBOLT, J.

In this workers' compensation case, Associated Business Products and its insurer, Liberty Mutual Group (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) upholding the imposition of a $24,900 penalty for employer's failure to pay $107.79 in bills incurred by Kevin McOmber (claimant). We affirm.

Claimant sustained an industrial injury in 1995 that included a traumatic brain injury and paralysis. As a result, claimant is permanently and totally disabled. Because of the severity of his disability and his confinement to a wheelchair, cell telephone service for emergency calls is medically necessary for claimant and therefore is provided by employer.

The administrative law judge (ALJ) found that claimant submitted requests for payment of the telephone charges to employer on October 2 and 23, 2002, and November 15, 2002, but that it neglected to pay those bills until January 28, 2003, which was outside the time limits mandated by the Director of the Division of Workers' Compensation. *See* Dep't of Labor & Employment Rule XVI(K), 7 Code Colo. Regs. 1101–3. Further, employer did not file a written notice contesting payment of the charges.

The ALJ also found that even though previous penalties had been imposed against employer, its conduct had continued to demonstrate a pattern of delay. Accordingly, the ALJ imposed a penalty under § 8–43–304(1), C.R.S.2005, which authorizes the imposition of penalties on a daily basis for the failure to obey an order.

While recognizing that § 8–43–304(1) allowed a penalty of up to $500 per day, the ALJ concluded that "a penalty of $300 per day is sufficient to deter future violations." The aggregate penalty imposed for the eighty-three days of nonpayment was $24,900. The Panel affirmed.

I.

Employer first contends that the "penalty is unsupported by the record." We decline to address this argument.

In its brief in support of the petition for review filed with the Panel, employer also contended that the "penalty is unsupported by the record." However, employer specifically argued that there was no record support for the ALJ's finding that employer violated Rule XVI(K). The Panel concluded that this argument was waived.

Employer now restates the contention that the "penalty is unsupported by the record." However, the specific arguments raised before us are completely different. Employer now argues that the ALJ's findings regarding the amount of the penalty are inadequate and that there is no evidence of harm to claimant from its failure timely to pay the bills, or of sanctions in other cases involving comparable misconduct.

The argument regarding the adequacy of the findings was not raised before the Panel and therefore will not be considered on appeal. *See City of Durango v. Dunagan,* 939

P.2d 496 (Colo.App.1997)(party must raise specific argument below to preserve it on appeal). We note that the arguments regarding harm to claimant and sanctions in other cases were raised before the Panel only in the context of employer's second contention that the penalty was unconstitutionally excessive. Accordingly, we will consider those arguments only in relation to employer's second contention. *See City & County of Denver v. Indus. Claim Appeals Office,* 58 P.3d 1162 (Colo.App.2002)(specific issue sought to be argued on appeal must be encompassed in the broader issue addressed in the administrative proceeding).

## II.

Asserting that a $24,900 penalty for nonpayment of bills totaling $107.79 is constitutionally excessive, employer raises three points of error. We address and reject each in turn.

## A.

■ Employer first contends that the Panel erred in reviewing the ALJ's penalty award for an abuse of discretion. Relying on *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001), employer asserts that a de novo standard of review should apply. We are not persuaded.

In *Cooper Industries, supra,* the Supreme Court held that when a punitive damages award is reviewed for excessiveness under the Due Process Clause and the Eighth Amendment, a de novo standard of review should be applied. However, the Court noted that legislatures have extremely broad discretion in setting the range of permissible punishments for statutorily enumerated offenses and that judicial decisions operating within the legislatively enacted guidelines are typically reviewed for abuse of discretion. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc., supra,* 532 U.S. at 432, 440, 121 S.Ct. at 1683, 1687.

The Panel relied on *Cooper* and concluded that because § 8–43–304(1) contains a legislatively enacted penalty range, the ALJ's order must be reviewed for an abuse of discretion.

Because *Cooper* mandates a de novo standard of review only for punitive damages awards, but not for legislatively enacted penalties, the Panel did not err in applying an abuse of discretion standard to the penalty imposed here. *See United States v. Smithfield Foods, Inc.,* 191 F.3d 516 (4th Cir.1999)(highly discretionary calculations necessary to award civil penalties are reviewed for abuse of discretion); *Atl. States Legal Found., Inc. v. Tyson Foods, Inc.,* 897 F.2d 1128 (11th Cir.1990)(same).

Moreover, the fact that a legislative body identifies the prohibited conduct and potential range of penalties in a statute goes far in assuring due process to employers whose violations may subject them to the penalty provisions. *See Romano v. U–Haul Int'l, Inc.,* 233 F.3d 655 (1st Cir.2000)(due process requires notice of prohibited conduct and the range of penalties available); *Madeja v. MPB Corp.,* 149 N.H. 371, 821 A.2d 1034 (2003). This assurance provides support for reviewing for abuse of discretion when examining the excessiveness of a penalty that lies within a statutorily prescribed range.

Our review is also for abuse of discretion. *See* § 8–43–308, C.R.S.2005; *Cooper Indus., Inc. v. Leatherman Tool Group, Inc., supra; Dee Enters. v. Indus. Claim Appeals Office,* 89 P.3d 430 (Colo.App.2003); *see also Jarosinski v. Indus. Claim Appeals Office,* 62 P.3d 1082 (Colo.App.2002)(an abuse of discretion occurs when the ALJ's order is beyond the bounds of reason, as where it is unsupported by the evidence or contrary to law); *cf. People ex rel. Bill Lockyer v. Fremont Life Ins. Co.,* 104 Cal.App.4th 508, 128 Cal. Rptr.2d 463 (2002)(reviewing imposition of civil penalty under abuse of discretion standard and rejecting claim that de novo review is required under *Cooper* ); *May v. Colo. Civil Rights Comm'n,* 43 P.3d 750 (Colo.App.2002)(reviewing assessment of a civil penalty for an abuse of discretion).

## B.

■ Employer contends that the penalty violates the due process protections guaranteed by the federal and state constitutions and the excessive fines clause of the Eighth Amendment. We disagree.

Under § 8–43–304(1), any employer or insurer who fails, neglects, or refuses to obey any lawful order for payment of medical benefits is subject to a fine of up to $500 per day. *See Holliday v. Bestop, Inc.*, 23 P.3d 700 (Colo.2001); *Pioneers Hosp. v. Indus. Claim Appeals Office*, 114 P.3d 97 (Colo.App.2005). However, the Eighth Amendment and Colo. Const. art. II, § 20 prohibit the imposition of "excessive fines." *Wolford v. Pinnacol Assurance*, 81 P.3d 1079 (Colo.App.2003), *rev'd on other grounds*, 107 P.3d 947 (Colo.2005).

■ Once the right to impose a fine has been proved, the party upon whom the fine is levied has the burden of proving the fine is "grossly disproportionate." *Pueblo Sch. Dist. No. 70 v. Toth*, 924 P.2d 1094, 1100 (Colo.App.1996).

"Gross disproportionality" is not easily measured or defined. In *Cooper Industries,* which involved not a civil penalty but a jury's award of punitive damages, the Court stated that the constitutional line is "inherently imprecise" and is not marked by a mathematical formula. *Cooper Indus. v. Leatherman Tool Group, supra,* 532 U.S. at 425, 121 S.Ct. at 1679. The Court employed three criteria in its de novo review: (1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded and the civil penalties authorized or imposed in comparable cases.

■ In our view, similar factors are appropriate in reviewing for abuse of discretion. Consequently, we employ those factors in our review.

Here, the ALJ found that employer's conduct was willful and wanton because it repeatedly failed to pay bills in a timely fashion, did not provide written explanation of its conduct as required by the rules, and demonstrated a pattern of doing "things whenever they got around to them." As the Panel noted, the ALJ's conclusion regarding employer's culpability is underscored by previous penalties imposed upon it in this case, including $915 for failing to pay interest in accordance with an approved stipulation, and

$28,500 for failing to file an admission of liability in accordance with a stipulation. The admission dealt with a modification of claimant's average weekly wage that substantially affected the amount of his benefits.

In addition, claimant had previously requested penalties for employer's disobedience of an ALJ's order directing it to identify the adjuster handling claimant's case and turn over a complete copy of its claim file and payment records; violations of a stipulated order that it would make certain payments to claimant's wife for attendant care services; and failure to pay for medical supplies and prescriptions. Claimant's attorney had sent numerous letters to employer documenting its noncompliance with previous orders and reminding employer that it was exposing itself to penalties. While these matters had been resolved before the latest hearing in this case, they provided evidence of the pattern of noncompliance observed by the ALJ.

These factors were appropriate considerations in determining the degree of reprehensibility of employer's conduct and the amount of the penalty. *See Cooper Indus. v. Leatherman Tool Group, supra; Pueblo Sch. Dist. No. 70 v. Toth, supra,* 924 P.2d at 1100 (penalties of $10 per day for a 645–day delay in paying medical benefits did not violate excessive fines clause; noting that the ALJ "took into account [insurer's] repeated and stubborn refusal to respond to [claimant's] attorney's three letters and the fact that the bill remained unpaid even at the 1993 hearing").

The ALJ also found, based on claimant's wife's testimony, that the delays in payment had worked a hardship on claimant's family, including the wife, who provided claimant with attendant care. Contrary to employer's assertion, wife's testimony constitutes substantial evidence in support of this finding. Furthermore, the financial impact on claimant is also an appropriate consideration in setting the amount of the penalty. *See Cooper Indus. v. Leatherman Tool Group, supra; cf. Pueblo Sch. Dist. No. 70 v. Toth, supra,* 924 P.2d at 1100 (finding that imposition of penalties did not violate excessive fines clause even though "the financial harm

suffered by this one claimant may have been relatively small").

Further, at $300 per day, the penalty was well below the maximum $500 per day amount that would have been permissible under the statute. This penalty balanced the relatively small amount of the unpaid bills against the need to impress on employer the necessity for compliance with the ALJ's orders. *See Pueblo Sch. Dist. No. 70 v. Toth, supra,* 924 P.2d at 1100 (considering that the penalty was $10 per day when it could have been $100 per day, "the amount imposed by the director was purposefully designed to get the [insurer] to take notice and reflect upon its course of conduct"); *see also Giddings v. Indus. Claim Appeals Office,* 39 P.3d 1211 (Colo.App.2001)(imposition of penalties under § 8–43–304(1) for the disobedience of an ALJ's order deters misconduct and compels compliance with lawful orders). Moreover, as claimant argues, the ALJ could have imposed separate penalties for each bill, but instead awarded a single penalty.

In addition, we note that in 1991, when the General Assembly enacted comprehensive legislative reforms that substantially altered the Workers' Compensation Act, it increased the size of the penalties available under § 8–43–304(1) from $100 per day to $500 per day. Because one of the main purposes of the 1991 amendments was to reduce litigation costs, *see Colo. AFL–CIO v. Donlon,* 914 P.2d 396 (Colo.App.1995), we agree with the Panel that it may logically be inferred that the General Assembly intended to increase the level of punishment for those who violate the Act and thereby necessitate litigation. *Cf.* § 8–43–304(1.5)(a), C.R.S.2005 (authorizing additional penalty against insurer who knowingly or repeatedly violates provisions of Workers' Compensation Act and authorizing Director to promulgate rules that specify circumstances under which the penalty may be imposed and criteria for determining the amount of the fine). Moreover, because workers have surrendered their common law rights to sue employers in return for the benefits provided by the Act, penalties are one of the few mechanisms available for securing compliance with orders. *See Dworkin, Chambers & Williams, P.C. v. Provo,* 81

P.3d 1053 (Colo.2003)(an ALJ possesses no contempt authority; statutory remedies were all that could apply).

Finally, we also note that employer presented no evidence in mitigation; indeed, it did not offer any evidence or explanation for its conduct. Nor did it subsequently offer any evidence that the fine imposed here was significantly different from the civil penalties authorized or imposed in comparable cases.

Considering all these factors, we cannot say that the ALJ abused his discretion. We therefore conclude that the penalty was not unconstitutionally excessive.

## C.

Contrary to employer's related contention, we cannot say that the ALJ's failure to review the transcript on an earlier remand from the Panel is error, inasmuch as the same ALJ heard the evidence in the first instance.

Likewise, we perceive no conflict between the ALJ's first order, where employer's conduct was found to be "willful and wanton," and the order on remand, where employer's conduct was characterized as negligent. Inasmuch as the ALJ specifically incorporated the first order in the second one, the higher level of culpability inherent in the finding of "willful and wanton" controls. Claimant was required only to prove that employer's conduct was objectively unreasonable, which was more than adequately met by the proof of employer's willful and wanton behavior. *See Pioneers Hosp. v. Indus. Claim Appeals Office, supra,* 114 P.3d at 100 (recognizing the split of authority on the proper measure of "objectively unreasonable" conduct necessary for imposition of a penalty under § 8–43–304(1); concluding that conduct that is "merely unreasonable" is sufficient).

The order is affirmed.

TAUBMAN and HAWTHORNE, JJ., concur.