**Elizabeth JONES, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado; Circle Two Ranch; and Pinnacol Assurance, Respondents.**

**No. 08CA1994.**

Colorado Court of Appeals, Div. VII.

Aug. 6, 2009.

**620**

Roger Fraley, Jr., Denver, Colorado, for Petitioner.

John W. Suthers, Attorney General, Katie A. Allison, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Harvey D. Flewelling, Denver, Colorado, for Respondents Circle Two Ranch and Pinnacol Assurance.

Opinion by Judge RUSSEL.

Elizabeth Jones filed a petition to reopen her workers' compensation claim. An administrative law judge (ALJ) denied her petition as untimely, and a panel of the Industrial Claim Appeals Office affirmed the ALJ's order. We now affirm the panel's decision.

## I. Background

■ In 1998, Jones sustained a compensable injury while working for Circle Two Ranch. She and her employer spent several years determining her workers' compensation benefits. Although the litigation involved many events, only three are important for our purposes:

1. Jones stipulated that her employer paid her last medical benefit in 2003.[1]

2. In 2004, Jones received a division-sponsored independent medical evaluation (DIME).

3. In 2006, Jones filed a petition to reopen her claim so that she could seek continuing medical benefits under *Grover v. Industrial Commission*, 759 P.2d 705, 710 (Colo.1988).

## II. Discussion

Because Jones's petition was filed more than six years after her injury, it is untimely under section 8–43–303(1), C.R.S.2008. Therefore, her claim may be reopened only if her 2004 DIME is the kind of "medical benefit" that would restart the two-year limitations period under section 8–43–303(2)(b), C.R.S.2008.

We conclude that a DIME is not a "medical benefit" within the meaning of section 8–43–303(2)(b).

■ Because the Workers' Compensation Act does not define "medical benefits," we assign the term its plain and ordinary meaning. *See People v. Yascavage*, 101 P.3d 1090, 1094 (Colo.2004). We thus conclude that a product or service is a medical benefit if it is intended to advance treatment and healing. *See Webster's Third New International Dictionary* 1402 (2002) (definition of "medical" includes "requiring or devoted to medical treatment"); *see also* § 8–42–101(1)(a), C.R.S.2008 (requiring employers to "furnish such medical, surgical, dental, nursing, and hospital treatment ... as may reasonably be needed ... to cure and relieve the employee from the effects of the injury"); *Kuziel v. Pet Fair, Inc.*, 931 P.2d 521, 522 (Colo.App.1996) (child care is not a medical benefit under section 8–42–101(1)(a) because

1. Jones challenges the validity of this stipulation on two grounds. We do not address her arguments because they were not presented to the ALJ or the panel. *See Associated Bus. Prods. v. Indus. Claim Appeals Office*, 126 P.3d 323, 324–25 (Colo.App.2005).

it does not relieve the symptoms or effects of an injury and is not associated with a claimant's physical needs).

A DIME is not a medical benefit because it is not intended to advance treatment or healing. It is more aptly characterized as a "litigation benefit"—a way of obtaining an expert opinion for use in resolving workers' compensation disputes. *See Whiteside v. Smith,* 67 P.3d 1240, 1256 (Colo.2003) (Coats, J., dissenting) (DIME is a "separate, statutorily prescribed, expert opinion"); *Colorado AFL–CIO v. Donlon,* 914 P.2d 396, 401 (Colo. App.1995) (DIME procedure was established to decrease litigation over the determination of maximum medical improvement and the degree of permanent impairment).

Because it was not a medical benefit, Jones's 2004 DIME did not extend the limitations period set forth in section 8–43–303(2)(b). Therefore, Jones's petition was untimely.

The order is affirmed.

Judge J. JONES and Judge CONNELLY concur.